IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:16-CV-00049-RLV-DCK

| | |
|---|---|
| SEDGEWICK HOMES, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STILLWATER HOMES, INC.; ) | |
| CHRISTOPHER BART BIVINS; AND ) | |
| GRETCHEN WYNE BIVINS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Sedgewick Homes, LLC's (hereinafter, "Sedgewick") Motion to Strike Affirmative Defenses from the Second Amended Answer of Defendant Stillwater Homes, Inc. (hereinafter, "Stillwater"). Having been fully briefed and considered, the Plaintiff's Motion is now ripe for disposition. For the reasons discussed below, Plaintiff Sedgewick Homes, LLC's Motion is **GRANTED** in part and **DENIED** in part.

**I.     BACKGROUND**

Both Plaintiff Sedgewick and Defendant Stillwater are homebuilders in North Carolina. Sedgewick has registered a copyright for the architectural work and the technical drawings of one of its home designs: "QUAIL VALLEY." Defendants Christopher Bivins and Gretchen Bivins (hereinafter, jointly, the "Bivins") initially met with Sedgewick before deciding to hire Stillwater to build a home for them.

Sedgewick filed this action with this Court on March 22, 2016. [Doc. No. 1]. In their Complaint, Sedgewick alleges that the Bivins provided Stillwater with Sedgewick's copyrighted documents for the QUAIL VALLEY house and Stillwater subsequently copied Sedgewick's

-1-

copyrighted plans in building a "substantially similar house for the Bivins," which was named the "Trent."

Stillwater filed its answer with affirmative defenses on April 20, 2016. [Doc. No. 14]. The answer was later amended on May 5, 2016. [Doc. No. 15]. A Second Amended Answer was filed on June 2, 2016. [Doc. No. 26]. Plaintiff filed a Motion to Strike on June 24, 2016. [Doc. No. 28]. Defendant has responded, [Doc. No. 31], to which Plaintiff has replied, [Doc. No. 34]. This matter is now ripe for consideration.

Plaintiff asks this Court to strike Defendant's Sixth, Tenth, and Twelfth defenses as immaterial, unsupported, and improperly and insufficiently pled. The Court will address these arguments in turn.

## II. DISCUSSION

### A. Standard of Review

#### i. *Rule 12(f) Standard*

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is timely if made by a party before it responds to the pleading. Fed. R. Civ. P. 12(f)(2). Sedgewick has not responded to Stillwater's Second Amended Answer, and thus its Motion to Strike is considered timely.

"Although courts have broad discretion in disposing of motions to strike, such motions 'are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Chapman v. Duke Energy Carolinas, LLC*, No. 3:09-cv-37-RJC, 2009 U.S. Dist. LEXIS 54568, at *1 (W.D.N.C. June 11, 2009) (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted in original); *Brown v. Inst. for Family Centered Servs., Inc.*,

394 F.Supp.2d 724, 727 (M.D.N.C. 2005). However, the Fourth Circuit has held that although "Rule 12(f) motions are generally viewed with disfavor . . . a 'defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" *Waste Mgmt. Holdings, Inc.,* 252 F.3d at 346 (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (2d ed. 1990) (hereinafter, "WRIGHT & MILLER")).

Similarly, this Court has held that "[a] pleading should only be stricken when the pleading bears no relationship to the controversy." *EEOC v. Bo-Cherry, Inc.*, 2013 U.S. Dist. LEXIS 74627, at 3 (W.D.N.C. May 28, 2013) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). This Court has routinely denied motions to strike when the pleader "fails to specif[y] precisely which portions . . . the Court should strike and fails to set forth argument as to why the specific portions of the [pleading] should be stricken from the record." *Mader v. Martin*, 2013 U.S. Dist. LEXIS 105773, at*4 (W.D.N.C. July 29, 2013).

Moreover, to prevail on a motion to strike, the movant must demonstrate prejudice. *See Scherer v. Steel Creek Prop. Owners Ass'n*, 2014 U.S. Dist. LEXIS 26668, at *3 (W.D.N.C. March 3, 2014) (quoting 5C WRIGHT AND MILLER, *supra*, § 1382). When reviewing a motion to strike, a court must view the pleadings at issue in the light most favorable to the pleading party. *See Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 232 (E.D.N.C. 2010) (quoting *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D.W.Va. 1993)).

      ii.    *Rule 8 Standard*

Rule 8(b) of the Federal Rules of Civil Procedure requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Regarding affirmative defenses in particular, Rule 8(c) states that "[i]n responding to a pleading, a party must

affirmatively state any avoidance or affirmative defenses." Fed. R. Civ. P. 8(c). An affirmative defense is waived if it is not raised in response to a pleading. *Brinkley v. Harbour Rec. Club*, 180 F.3d 598, 612 (4th Cir. 1999). This provides the opposing party with sufficient notice of the affirmative defenses and presents an opportunity to argue that such affirmative defenses are inappropriate via a Rule 12(f) motion to strike. *Blonder-Tongue Labs, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (2008). However, courts disfavor a "laundry list of affirmative defenses . . . that do not identify the asserted flaws in the Complaint in a manner sufficient to satisfy the notice pleading standards that are imposed on federal defendants as well as plaintiffs." *Fusion Capital Fund II, LLC v. Millennium Holding Group, Inc.*, 2008 WL 719247, at *1-2 (N.D. Ill. 2008).

This Court has held that *Twombly* and *Iqbal*'s heightened pleading standards do not apply to affirmative defenses. *Narbona v. Micron Precision, LLC*, 2014 U.S. Dist. LEXIS 64335, at *2 (W.D.N.C. May 9, 2014). Rather, this Court has noted that "Rule 8(c) is quite liberal in comparison [to *Twombly* and *Iqbal*] as it provides that affirmative defenses to such claims shall be stated "in short and plain terms." *Id.* at *3 (citing Fed. R. Civ. P. 8(c)). However, under Rule 8, "[a]t a minimum . . . a statement of an affirmative defense must give notice to an opponent of its basis and go beyond conclusions." *Staton v. North State Acceptance, LLC*, No. 1:13-cv-277, 2013 WL 3910153, at *3 (M.D.N.C. July 29, 2013). To survive a motion to strike, a defense must be more than a mere "bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand." *Espinoza v. Mex-Am Café, LLC*, 2015 U.S. Dist. LEXIS 122597, at *16 (M.D.N.C. Sep. 15, 2015) (quoting *Villa v. Ally Fin., Inc.*, No. 1:13CV953, 2014 U.S. Dist. LEXIS 25624, at *2 (M.D.N.C. Feb. 28, 2014)).

B.  Plaintiff's Motion to Strike is Granted-in-Part and Denied-in-Part

  i.  *Stillwater's Sixth Defense*

As its Sixth Defense, Stillwater seemingly attempts to raise a defense of "improper" copyright. Stillwater appears to be arguing that Sedgewick's copyright is invalid and therefore there could be no infringement of that copyright. [Doc. No. 31] at pp. 4-5. Regarding this defense, the Court must be careful to note that the issue presently before it is *not* the *validity* of Sedgewick's alleged copyright;[1] rather, the question before the Court is whether Defendant's Sixth Defense is a properly pled affirmative legal defense.

The Court has not been directed to, nor has it found, case law within this circuit, or others, recognizing the existence of a so-called "improper" or invalid copyright defense. Not surprisingly, the authorities cited by Defendant do not support the existence of any such defense. Both parties point the Court to *Universal Furniture Intern., Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 419, 435 (4th Cir. 2010), for support of this defense. After review, the Court is unpersuaded. The analysis contained in *Universal Furniture* concerns claims of copyright infringement – not an "improper" or invalid copyright affirmative defense. *See* 618 F.3d at 435. Neither Plaintiff nor Defendant have cited any legal authorities that support even the contention of such a defense's existence. Rather, the "defense" asserted is more accurately construed as a denial of an element of the Plaintiff's *prima facie* case for copyright infringement. *See*, *e.g.*, *Harvester, Inc. v. Rule Joy Trammell + Rubio, LLC*, 716 F. Supp. 2d 428, 434 (E.D. Va. 2010) ("The plaintiff in a copyright infringement action bears the initial burden of proving ownership of a valid copyright."). Defendant has denied this element elsewhere in its answer and this is sufficient to preserve the

---

[1] Stillwater has specifically denied Sedgewick's ownership of a copyright in its answer. [Doc. No. 26] at ¶¶ 17-20. Sedgewick has not moved to strike this denial and as a result this issue remains to be resolved in later proceedings.

issue. *See* [Doc. No. 26] at ¶¶ 17-20. Because the parties have not shown that an "improper" copyright allegation is a recognized *affirmative* defense in this Circuit, the Court is not obliged to recognize it, and it should be stricken. Accordingly, the Court will exercise its broad discretion and **STRIKE** Defendant's Sixth Defense.[2]

      ii.  *Stillwater's Tenth Defense*

As its Tenth Defense, Stillwater alleges that "[u]pon information and belief, an agent, employee or representative of the Plaintiff employed misrepresentation and subterfuge to gain access to the Bivins' house on false pretenses. Any evidence obtained thereby should be excluded." [Doc. No. 26] at p. 9.

While the Court is aware of the liberal standard by which pleadings are judged, it is quite uncertain of how the evidentiary issues alleged may be construed as defenses. Evidentiary concerns are not affirmative defenses. *See, e.g.* Fed. R. Civ. Pro. 8(c)(1). The Court need not entertain frivolous defenses. Fed. R. Civ. Pro. 12(f); *Shenandoah Life Ins. Co. v. Hawes* 37 F.R.D. 526, 529 (E.D.N.C. June 30, 1965). The Court is happy to consider allegations that evidence was improperly obtained, albeit at the proper time and in the proper form (such as motions to exclude or motions in limine). While such motions may be appropriate at a later date, they do not make

---

[2] Even though Plaintiff's production of a certificate of copyright registration shifts the burden of proof to the Defendant to disprove the alleged copyright, the Court does not consider this sufficient to prevent striking the Sixth Defense. *See*, *e.g.*, 17 U.S.C. § 410(c). Once a certificate of copyright registration is produced, a plaintiff will "benefit[] from a rebuttable presumption that [its] copyright is valid." *See Montgomery v. Noga*, 168 F.3d 1282, 1289 (11th Cir. 1999); *accord* 17 U.S.C. § 410(c); *Serv. & Training, Inc. v. Data Gen. Corp.*, 963 F.2d 680, 688 (4th Cir. 1992). At that point, the burden "shift[s] to the defendant[],who [is] required to demonstrate that 'the work in which copyright is claimed is unprotectable . . . or, more specifically, to prove that . . . the copyrighted work actually taken is unworthy of copyright protection.'" *Id.* at 1289 (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir.1996)); *accord* 17 U.S.C. § 410(c); *Serv. & Training, Inc.*, 963 F.2d at 688. The Court has not come across any Fourth Circuit case law stating that the shifting of this burden of proof transforms the issue into an affirmative defense for a defendant. As it stands now, the Plaintiff has produced such a certificate, *see* [Doc. No. 1-1], and the Defendant has denied that the copyright is valid. *See* [Doc. No. 26] at ¶¶ 17-20. This is sufficient to place the Plaintiff on notice that Defendant contests the validity of the copyright. Thus, any similarly named or intended "affirmative defense" is redundant.

Defendant's affirmative defense procedurally or substantively sufficient, absent case law specifying otherwise. They also do not mitigate the prejudice that would be suffered by the Plaintiff in having to litigate against additional defenses. Accordingly, Defendant's Tenth Defense is **STRICKEN**.

### iii. *Stillwater's Twelfth Defense*

In its amended form, Defendant's Twelfth Defense, reads "Plaintiff's claims are barred as Plaintiff has abandoned its copyright." [Doc. No. 31] at p. 7.[3] Copyright abandonment or forfeiture is an established legal defense within the Fourth Circuit. *See Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 444 (4th Cir. 2011); *M. Kramer Mfg. Co., Inc. v. Andrews*, 783 F.2d 421. 443-44 (4th Cir. 1986); *Southeastern Brewing Co. v. Blackwell*, 80 F.2d 607, 610 (4th Cir. 1935). The question for the Court is, therefore, whether Defendant's amended Twelfth Defense meets the pleading requirements of Rule 8(b) of the Federal Rules of Civil Procedure. Under this rule, Stillwater must simply "state in short and plain terms its defenses." Fed. R. Civ. Pro. 8(b)(1)(A); *Clem v. Corbeau*, 98 Fed. App'x 197, 203 (4th Cir. 2004) (unpublished) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." (quoting 5 WRIGHT & MILLER § 1274); *Narbona*, 2014 U.S. Dist. LEXIS 64335, at *3 (stating that Rule 8 is quite liberal).

Defendant has made a short and plain statement of its defense – that Plaintiff abandoned its copyright. This statement puts Plaintiff on notice as to the nature of the defense. While a more detailed and more comprehensive detailing of Plaintiff's abandonment may be required at a later

---

[3] In reply to Plaintiff's motion to strike, Stillwater agreed to withdraw the original laches defense contained in its Twelfth Defense and amend the language accordingly. [Doc. No. 31] at p. 7. Because Stillwater has abandoned that defense, it is **STRICKEN** from the Second Amended Complaint.

stage of the litigation, Defendant has met the pleading requirements at this time. Accordingly, except as is noted in footnote 3, *supra*, the Court will **not** strike Defendant's Twelfth Defense.

III.    **DECRETAL**

**IT IS, THEREFORE, ORDERED THAT**

(1)    Plaintiff's Motion to Strike Defendant's Sixth Defense is **GRANTED**;

(2)    Plaintiff's Motion to Strike Defendant's Tenth Defense is **GRANTED**; and,

(3)    Plaintiff's Motion to Strike Defendant's Twelfth Defense is **GRANTED**-in-part and **DENIED-**in-part.

**SO ORDERED**.

Signed: August 25, 2016

Richard L. Voorhees
United States District Judge