# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:16-CV-00049-RLV-DCK

| | |
|---|---|
| SEDGEWICK HOMES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| STILLWATER HOMES, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Sedgewick Homes, LLC's (Sedgewick) Motion for Reconsideration (Doc. 77). The parties have filed their requisite briefs, (Docs. 78, 80, 81), and this matter is ripe for disposition. For the reasons stated below, Sedgewick's Motion for Reconsideration (Doc. 77) is **DENIED**.

In short, this cases involves claims by Sedgewick that Defendant Stillwater Homes, Inc. ("Stillwater") infringed Sedgewick's Quail Valley building plan and architectural work when it composed a building plan named the Trent and used the Trent to build two homes. "'To establish a claim for copyright infringement, a plaintiff must prove that [(1)] it owned a valid copyright and [(2)] the defendant copied the original elements of that copyright.'" *Humphreys & Partners Architects, L.P.*, 790 F.3d at 537 (quoting *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001)). To satisfy the second element, a plaintiff may rely on direct evidence of copying or circumstantial evidence of copying. *Keeler Brass Co. v. Cont'l Brass Co.*, 862 F.2d 1063, 1065 (4th Cir. 1988). When relying on circumstantial evidence, a plaintiff must demonstrate that "the alleged copier had access to the material and that the original material and the alleged copy are substantially similar." *Id.* A defendant may rebut the presumption of copying by

-1-

advancing evidence that it independently created the allegedly infringing work, and where the defendant advances independent creation evidence a court must view the independent creation evidence as part of the record as a whole on the issue of whether defendant copied the original elements of the plaintiff's copyrighted work. *Id.* at 1066-67.

This Court denied the parties cross-motions for summary judgment. (Doc. 75). Relative to Sedgewick's motion for summary judgment, this Court held that (1) Sedgewick failed to proffer sufficient direct evidence to demonstrate actual copying as a matter of law; (2) genuine issues of material fact existed with respect to when Stillwater created the Trent plan and whether Stillwater had a reasonable opportunity to access Sedgewick's Quail Valley building plan prior to composing the Trent plan; and (3) "Sedgewick did not proffer sufficient circumstantial evidence of copying to obtain judgment in its favor as a matter of law." *Id.* at 17-19, 22-24. This Court further noted that had its analysis of Sedgewick's motion reached the question of substantial similarity, Sedgewick's failure to produce an expert would have counted against granting Sedgewick's motion and that Stillwater's independent creation evidence provided an alternative basis for denying Sedgewick's motion because, when the evidence was viewed on the whole, a genuine issue of material fact existed as to the element of copying. *See id.* at 28, 34.

Reconsideration of a prior order is appropriate where "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005) (citations omitted); *see also Carolina Internet, Ltd. v. TW Telecom Holdings, Inc.*, No. 3:11-310, 2011 WL 4459204, at *1 (W.D.N.C. Sept. 26, 2011) (Mullen, J.); *Stephens v. Wachovia Corp.*, 2008 WL 1820928 at *2 (W.D.N.C. Apr. 21, 2008) (noting that "the decision whether to reconsider or modify an

interlocutory order is a matter within the discretion of the Court"). Here, Sedgwick relies on the third basis for reconsideration, arguing that this Court should not have considered (1) when Stillwater accessed the Quail Valley relative to when it developed the Trent Plan and, instead, should have focused only on whether Stillwater had an opportunity to access the Quail Valley; and (2) a photograph Stillwater submitted in support of its own motion for summary judgment. A summary of this Court's order on the cross-motions for summary judgement demonstrates the flaws in Sedgewick's interconnected arguments.

As stated in this Court's order on the cross-motions for summary judgment, where a plaintiff relies on circumstantial evidence, "'[t]o prove access, plaintiff must show that defendant had an opportunity to view or copy its work. The mere possibility of such an opportunity will not suffice, it must be reasonably possible that the paths of the infringer and the infringed work crossed.'" (Doc. 75 at 19-20 (quoting *Bldg. Graphics, Inc. v. Lennar Corp.*, 866 F. Supp. 2d 530, 537-38 (W.D.N.C. 2011) (Voorhees, J.) (brackets, internal citation, and internal quotation marks omitted)). Furthermore, a plaintiff's publication of its own work on the internet does not create a reasonable possibility of access by defendant; "[i]nstead, plaintiff may only rely on its publication of its copyrighted work to establish a reasonable possibility of access by the defendant if it produces some evidence demonstrating that defendant likely viewed the publication." *Id.* at 20 (citing *Bldg. Graphics, Inc.*, 866 F. Supp. 2d at 541). Sedgewick relied on three pieces of evidence to prove access: (1) Bob Baldwin, the father of Stillwater's owner, visited Sedgewick in 2012; (2) two of Stillwater's customers visited Sedgewick and obtained Sedgewick's materials prior to visiting Stillwater; and (3) Robert Baldwin, Stillwater's owner, admitted that he likely viewed Sedgewick's website in October 2014. This Court rejected Sedgewick's first piece of evidence because Bob Baldwin viewed Sedgewick's Harbourtown model, not the Quail Valley model, and

because Sedgewick "fail[ed] to identify any evidence suggesting that Bob Baldwin provided Stillwater with any information from his visit to Sedgewick." *Id.* at 21. As to Sedgewick's second piece of evidence, this Court found that it created a genuine issue of material fact as to reasonable possibility of access but that it was insufficient to establish a reasonable possibility of access as a matter of law where the two customers denied providing Stillwater with Sedgewick's materials and Sedgewick did not identify any direct evidence to overcome their denials. *Id.* This Court, however, found that Sedgewick's third piece of evidence, Robert Baldwin's admission that he likely viewed Sedgewick's website, did create a reasonable probability of access by Stillwater as a matter of law. *Id.* at 21-22.

Because the ultimate issue in copyright infringement is whether the defendant copied the protected elements of plaintiff's work, this Court proceeded to consider whether Robert Baldwin's viewing of Sedgewick's website occurred at a pertinent time—i.e., a time prior to Stillwater creating the allegedly infringing Trent plan. *Id.* at 22-24. This Court concluded that Stillwater advanced sufficient evidence, including declarations and a photograph of a computer screen, to create a genuine issue of material fact regarding whether Sedgewick satisfied the access prong of the circumstantial evidence route for proving copyright infringement. *Id.* This Court further concluded that Stillwater's potentially strongest piece of evidence and only objective piece of evidence, the photograph, was of sufficiently questionable authenticity and reliability to preclude this Court from finding that, as a matter of law, Stillwater created the Trent prior to viewing Sedgewick's website. *Id.* at 23-24. Relative to Sedgewick's motion for summary judgment, this Court announced its conclusion by stating: "Because there is a genuine issue of material fact regarding whether Stillwater accessed Sedgewick's website and building plans before creating the

Trent plan, Sedgewick has not proffered sufficient circumstantial evidence of copying to obtain judgment in its favor as a matter of law . . . ." *Id.* at 24.

Sedgewick complains about this Court's use of the word "accessed" in the aforementioned concluding sentence, arguing that this Court conflated actual access with a reasonable possibility of access when considering Sedgewick's circumstantial evidence of copying. A careful read of this Court's opinion, however, shows that the Court viewed each of Sedgewick's three pieces of circumstantial evidence against the reasonable probability of access threshold and used the word "accessed" in its concluding sentence because the only piece of evidence sufficient to establish a reasonable possibility of access for purposes of summary judgment was Stillwater admission that it accessed Sedgewick's website. *See id.* at 22 ("The evidence shows that Stillwater viewed Sedgewick's website following its October 2014 meeting with Bivins."). Accordingly, Sedgewick's first argument for reconsideration reads the Court's use of the word "accessed" outside of the context of the preceding five pages of analysis and is wholly without merit.

As to Sedgewick's second argument for reconsideration—that this Court should not have considered the photograph when addressing Sedgewick's motion for summary judgment—a careful read of this Court's opinion shows that the photograph, while having the potential to result in a judgment in favor of Stillwater, was not the only piece of evidence sufficient to defeat Sedgewick's motion. Notably, this Court identified the declarations of Robert Baldwin and Jose Galvez Caballero, one of Stillwater's project managers, as evidence relied on by Stillwater to demonstrate that the Trent plan was developed before Stillwater viewed Sedgewick's website. *See id.* at 22 (citing in part Doc. 54-2 at 3, 54-4 at 2). Although Sedgewick contends that these declarations are self-serving and uncorroborated such that they should be discounted, the record shows otherwise. Specifically, Stillwater, in response to Sedgewick's motion for summary

judgment, provided copies of the buildings plans from which it alleges it developed the Trent plan. (Doc. 52-2, Doc. 52-4). Viewing the evidence in the light most favorable to the non-moving party—Stillwater for purposes of Sedgewick's motion for summary judgement, a reasonable jury viewing these earlier plans could easily observe how the earlier plans evolved into the Trent plan and decide to credit the statements of Robert Baldwin and Jose Galvez Caballero. Accordingly, even absent any reliance on the photograph, this Court was prepared to conclude that Sedgewick failed to demonstrate, as a matter of law, that Stillwater's actual access of Sedgewick's website occurred at a time relevant to the creation of the allegedly infringing Trent plan.[1] Therefore, Sedgewick's Motion for Reconsideration (Doc. 77) is **DENIED**.

**SO ORDERED.**

Signed: August 29, 2017

Richard L. Voorhees
United States District Judge

---

[1] In so concluding, it is unnecessary to address Sedgewick's argument that this Court was prohibited from considering the photograph for purposes of Sedgewick's motion for summary judgment. This Court, however, notes that had the photograph been of proper authenticity and reliability to establish that the Trent plan was created before any of the events tending to show a reasonable possibility of access by Stillwater, Sedgewick's understanding of Fed. R. Civ. P. 56(c)(1), (d) would have compelled this Court to grant both Sedgewick's motion for summary judgment and Stillwater's motion for summary judgment. Needless to say, Sedgewick's argument leads to a potentially absurd and irreconcilable result in situations where one party moves for summary judgment in the midst of discovery and the second party moves for summary judgment after the close of discovery but before the deadline for motions for summary judgment elapses.