IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16CV49

| | | |
|---|---|---|
| SEDGEWICK HOMES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STILLWATER HOMES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon the Plaintiff's Motion for a New Trial. Sedgewick filed claims against Stillwater for copyright infringement, Lanham Act reverse passing off, North Carolina statutory unfair and deceptive trade practices ("UDTP"), and unfair competition. The Court denied both parties' motions for summary judgment, and a jury trial was held. After Sedgewick's case in chief, the Court granted in part Stillwater's Rule 50 motion, leaving the copyright infringement claim. The jury returned a verdict finding that Plaintiff owned a valid copyright; Stillwater had access to Plaintiff's work and there is substantial similarity between the Quail Valley and the Trent; and the Trent plan was created independently by Stillwater.

Plaintiff seeks a new trial, arguing that the jury instructions and jury verdict, particularly as to direct copying, striking similarity, and a rebuttal to independent creation, resulted in a verdict against the clear weight of the evidence; the Bivins' and Shoemakers' status as Defendants and the entry of Sedgewick's Vice President into the Shoemaker home were irrelevant and improperly exploited by Stillwater to inflame and prejudice the jury against Sedgewick; and the Lanham Act and UDTP practices claims were improperly dismissed as a matter of law.

1

When a court considers a motion for a new trial, "a trial judge may weigh the evidence and consider the credibility of the witnesses, and if he finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, he must set aside the verdict, even if supported by substantial evidence, and grant a new trial." *Chesapeake Paper Products Co. v. Stone & Webster Eng'g Corp.*, 51 F.3d 1229, 1237 (4th Cir. 1995) (internal quotation omitted)). Even in weighing the evidence for a motion for a new trial, the determination of witness credibility is solely for the jury and will only be disturbed in the most exceptional circumstances. *Bailey v. Kennedy*, 2004 WL 3259000, at *7 (W.D.N.C. July 16, 2004), *aff'd*, 120 Fed. Appx. 501 (4th Cir. 2005). When a new trial is sought on the basis of an error in the jury charge, "[i]nstructions will be considered adequate if construed as a whole, and in light of the whole record, [they] adequately [inform] the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Rowland v. American Gen. Fin., Inc.*, 340 F.3d 187, 191 (4th Cir. 2003). (citation and quotation marks omitted). Moreover, when a new trial is sought based on evidentiary errors by the court, "[s]ubstantial errors in the 'admission or rejection of evidence' may support a new trial." *Daugherty v. Ocwen Loan Servicing, LLC*, No. 5:14-cv-24506, 2016 WL 6650856, at *2 (S.D.W.Va. Oct. 12, 2016) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

The Court has carefully considered the arguments raised by the Plaintiff and finds that the verdict in this case was not against the clear weight of the evidence, was not based on false evidence, and will not result in a miscarriage of justice. Both the jury instructions and the jury verdict form were adequate to convey the proper legal principles to the jury. Likewise, the Court finds no merit in Plaintiff's arguments that the Lanham Act and UDTPA claims were improperly

dismissed or that the Court improperly admitted evidence regarding the suits against the individuals and Matt Evan's entry into the Shoemaker's home. Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion for a New Trial is hereby DENIED.

Signed: June 19, 2019

Graham C. Mullen
United States District Judge