IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16CV49

| | | |
|---|---|---|
| SEDGEWICK HOMES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STILLWATER HOMES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Defendant's Motion for Attorney's Fees. Plaintiff Sedgewick filed claims against Stillwater for copyright infringement, Lanham Act reverse passing off, North Carolina statutory unfair and deceptive trade practices ("NCUDTPA"), and unfair competition. The Court denied both parties' motions for summary judgment, and a jury trial was held. After Sedgewick's case in chief, the Court granted in part Stillwater's Rule 50 motion, leaving only the copyright infringement claim. The jury returned a verdict finding that Plaintiff owned a valid copyright; Stillwater had access to Plaintiff's work and there is substantial similarity between the Quail Valley and the Trent, but that Trent plan was created independently by Stillwater. Defendant Stillwater now seeks $271,154.88 in attorney's fees as a prevailing party pursuant to the Copyright Act, the Lanham Act, and the NCUDTPA.

**I.    Copyright Act**

Section 505 of the Copyright Act provides that a district court "may … award a reasonable attorney's fee to the prevailing party." In the Fourth Circuit, courts employ four factors in determining whether to exercise the court's "equitable discretion" to award attorney's fees on the facts of the case, namely: "(1) 'the motivation of the parties,' (2) 'the objective

1

reasonableness of the legal and factual positions advanced,' (3) 'the need in particular circumstances to advance considerations of compensation and deterrence,' and (4) any other relevant factor presented.'" *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 504 (4th Cir. 1994) (quoting *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 234 (4th Cir. 1993) (internal quotations omitted)).

The Supreme Court has found that, while there is no one controlling factor, a district court must give "substantial weight" to the reasonableness of a non-prevailing party's position in determining whether a court should award fees, while also considering other relevant factors. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1989 (2016). "A finding that a claim is objectively unreasonable is to be based on 'an objective assessment of the merits of the challenged claims and defenses.'" *Exclaim Mktg., LLC v. DirecTV, LLC*, No. 5:11-CV-684-FL, 2015 WL 5725703, at *7 (E.D.N.C. Sept. 30, 2015) (internal quotations omitted). "Unless an argument or claim asserted in the course of litigation is so unreasonable that no reasonable litigant could believe it would succeed, it cannot be deemed objectively baseless for purposes of awarding attorney fees." *Id*. Considering the evidence presented at trial, the Court cannot find that Sedgewick's copyright claim was objectively unreasonable.

Stillwater contends that Sedgewick's motivation in this lawsuit was to "harass [a competitor] and drive it out of business. (Doc. No. 194, p.5). However, there is no evidence to support this allegation. At trial, in response to a question as to why Sedgewick filed the lawsuit against Stillwater, Sedgewick's President, Dave Tucker, testified: "We spent a lot of money to create and protect our plans and we can't have someone else building our plans and diluting our product and taking unfair advantage of something that we've spent a lot of time and money to create." (Trial Tr. Vol. II at 141:14-19). The Court finds that the motivation factor disfavors an

award of attorney's fees. Regarding the need for compensation and deterrence, the Court finds that punishing Sedgewick for attempting to enforce its copyrights would deter other copyright owners from properly seeking to vindicate their copyrights, which runs directly counter to the purpose of the Copyright Act.

Stillwater contends that the Court should consider other factors in determining whether to award fees, namely, "Sedgewick's exaggerations and misstatements in its briefs and its overall aggressive and unprofessional conduct in the course of this litigation." (Doc. No. 194, p. 11). It appears to the Court that while both counsel have zealously represented their clients in this lawsuit, there is no evidence of "aggressive and unprofessional conduct" sufficient to persuade the Court to grant attorney's fees to Stillwater.

**II.     Lanham Act**

Stillwater also seeks attorney's fees under the Lanham Act. However, the Lanham Act provides that the Court may award reasonable attorney fees to a prevailing party only in "*exceptional* cases." 15 U.S.C. § 1117 (a) (emphasis added). The Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) explained that "an 'exceptional' case under patent law is simply one that stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. at 1756. The Fourth Circuit has expressly adopted *Octane Fitness* with respect to Lanham Act claims as well. *See Georgia-Pacific Consumer Products LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015), as amended (Apr. 15, 2015). The factors that courts consider when determining whether to award attorney's fees under the Lanham Act are the same as those under the Copyright Act as stated above, including "frivolousness, motivation, objective unreasonableness (both in the

factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 134 S. Ct. at 1756, n. 6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534); *Georgia-Pacific*, 781 F.3d at 721.  As discussed above, these factors do not favor an award of attorney's fees to Stillwater.  The Court notes that while it disagreed with Sedgewick's legal position with regard to its Lanham Act claim, the claim was not frivolous or objectively unreasonable.  This case simply cannot be described as the type of "exceptional case" that warrants an award of attorney's fees.

### III. NCUDPTA

N.C. General Statute § 75-16.1 provides that "the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party…upon a finding by the presiding judge that . . . the party instituting the action knew, or should have known, the action was frivolous and malicious." Because this standard is even higher than the standard of objective reasonableness under the Copyright Act and the Lanham Act, and there is zero evidence of maliciousness on the part of Sedgewick, for the reasons discussed above, the Court declines to award attorney's fees under this statute. Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion for Attorney's Fees is hereby DENIED.

Signed: July 1, 2019

Graham C. Mullen
United States District Judge